**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Gregory Cargill,<br><br>Plaintiff,<br><br>v.<br><br>The City of Greenville, South Carolina; and, Brian Horton, individually and in his official capacity as Fire Chief,<br><br>Defendants. | C/A No.: _____<br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff Gregory Cargill ("Cargill"), complaining against the City of Greenville, South Carolina ("City"), and Fire Chief Brian Horton ("Horton"), collectively "Defendants", would respectfully show unto this honorable Court the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Defendant City is a municipal subdivision in the State of South Carolina with the authority to sue and be sued in its own name and is a "person" within the meaning of 42 U.S.C. § 1983. Defendant City owns property and conducts business in Greenville, South Carolina. Defendant City operates the City of Greenville Fire Department ("GCFD"), which provides fire prevention and suppression, emergency medical services, technical rescue, and hazardous materials mitigation to the citizens of Greenville, South Carolina. Defendant City employs or employed at the GCFD Plaintiff Cargill and approximately 158 other uniformed and 4 non-uniformed employees.

2. Defendant Horton is, and at all times material to this Complaint, Fire Chief of the GCFD and is a citizen and resident of South Carolina.

1

3. Defendant Horton is the final decisionmaker and policymaker in charge of GCFD with respect to the decisions challenged as unconstitutional in this matter, including but not limited to the decision whether or not to issue discipline.

4. No other person or public body reviews Defendant Horton's decisions with respect to the discipline of firefighter personnel, including termination of Cargill and other personnel decisions referenced in this Complaint.

5. Plaintiff Cargill is a citizen and resident of South Carolina, and a fire fighter formerly employed by GCFD, for all times material to this Complaint.

6. The Greenville City Professional Firefighters, International Association of Fire Fighters, Local 2261 ("Local 2261"), is a labor organization with members comprised of employees of GCFD, including Plaintiff Cargill.

7. This is a civil action brought under 42 U.S.C. § 1983 for declaratory and injunctive relief, damages, and attorneys' fees and costs to redress Defendants' unlawful deprivation of Plaintiff Cargill's rights and privileges secured by the First and Fourteenth Amendments of the U.S. Constitution.

8. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws of the United States, and he seeks redress for violations of federal laws. The Court has jurisdiction to award the requested costs and attorneys' fees under 42 U.S.C. § 1988, and to issue injunctive relief, a declaratory judgment and other just and appropriate relief pursuant to 28 U.S.C. §§ 2201-02.

9. This Court has *in personam* jurisdiction over Defendants, all of whom reside and/or work in the State of South Carolina.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as all Defendants are located within the District of South Carolina and either all or a substantial part of the events and omissions giving rise to this action occurred within the District of South Carolina.

## **FACTS**

11. Cargill was first hired by the GCFD as a fire fighter in May 2023.

12. Cargill was employed at the GCFD and served as Local 2261's Secretary-Treasurer for approximately three months before moving to Largo, Florida in or around November of 2023.

13. In or around May of 2024, Cargill returned to South Carolina, resumed his employment at GCFD and was elected President of Local 2261.

14. Since his election as President of Local 2261, Cargill has grown membership in the Union from approximately 40 GCFD uniformed employees to 70 GCFD uniformed employees.

15. On August 26, 2024, while off duty, Cargill called GCFD Fire Chief Horton, and left a message with his assistant requesting a meeting to discuss common goals that the GCFD and Local 2261 might share.

**16.** On or about August 28, 2024, Horton responded to Cargill by sending an e-mail to Cargill's GCFD e-mail account and copied the City's attorney and human resources director. A true and accurate copy of that e-mail is attached hereto as **Exhibit A.**

17. Horton's e-mail stated, in part, that Horton and the GCFD would not collectively bargain with Local 2261, and that Cargill needed to go through his chain of command to request a meeting with him (Horton).

18. On September 9, 2024, Cargill attended a meeting of the City Council.

19. At the City Council meeting, Cargill approached Councilmember Dorothy Dowe ("Councilmember Dowe") and asked if she would be willing to meet with him to discuss GCFD concerns.

20. Councilmember Dowe asked Cargill to email her at her City of Greenville e-mail address to set up a meeting.

21. Horton and numerous other GCFD managers were present at the September 9, 2024 City Council meeting, and observed Cargill's attendance and communication with Councilmember Dowe.

22. On September 10, 2024, Cargill sent an email to Councilmember Dowe's City of Greenville e-mail address to schedule a meeting. A true and accurate copy of that e-mail is attached hereto as **Exhibit B**.

23. On October 9, 2024, Cargill sent a follow-up email to Council Member Dowe.

24. Cargill never received a response to his e-mail to Councilmember Dowe.

25. On October 10, 2024, Cargill sent an e-mail to Horton, copying in the City's attorney and human resources director, whom Horton copied on his August 28, 2024 email to Cargill. A true and accurate copy of that e-mail is attached hereto as **Exhibit C**.

26. On October 12, 2024, Cargill sent a letter to Shannon Lavrin, the City's Manager, ("City Manager Lavrin") on Local 2261's letterhead, about concerns at the GCFD. Specifically, Cargill noted that fire fighters have attempted to go through the

4

GCFD's regular chain of command to address several serious issues like: fire fighter safety on calls; training procedures; apparatus organization; class availability and funding; shift scheduling; and a recent policy change regarding personnel congregating in the bays, but to no avail. Cargill also notes in his letter that, as a result, there has been a significant decline in morale at GCFD and a pervasive sense of fear among the rank and file when it comes to speaking out, in which "[m]any firefighters feel that raising concerns will lead to harassment or retaliation, creating an environment where they are hesitant to voice their opinions." Cargill asked City Manager Lavrin to meet to discuss such issues in hopes of improving GCFD. A true and accurate copy of that letter is attached hereto as **Exhibit D**.

27.     On October 16, 2024, in his capacity as Local 2261 President and while off-duty, Cargill sent a multi-question survey to many uniformed non-supervisory employees of the GCFD and collected responses to the survey through October 23, 2024. Of the 39 survey responses Cargill received, 38 indicated there was a morale problem at GCFD.

28.     Cargill was on shift on the morning of Sunday, October 20, 2024, when Battalion Chief Scott King told Cargill to accompany him to the GCFD's administration offices. Upon his arrival at those offices, Cargill was escorted to a meeting with Horton and Division Chief David Hindman.

29.     Horton presented Cargill a memorandum and informed him that his employment with the City was terminated for "insubordination" and "jumping the chain of command." The termination memorandum claims that Cargill's October 12, 2024 letter to City Manager Lavrin and his emails to Councilmember Dowe and his e-mails to Horton, himself, were insubordinate,, because Horton had instructed Cargill to first schedule a meeting with him through the regular chain of command to discuss GCFD issues, which

5

Cargill allegedly failed to do. A true and accurate copy of the termination memorandum is attached as **Exhibit E**.

30. The memorandum states further that Cargill's actions violated City policies.

31. All of Cargill's communications at issue -- including but not limited to those with Horton, Councilmember Dowe, and City Manager Lavrin -- were conducted while he was off-duty and made via his personal phone or email address.

32. Although the City's employment policies provide an internal process for non-probationary employees to appeal terminations, it is not available to Cargill because he was still a probationary employee at the time of his termination.

33. The Code of Ordinances of the City of Greenville, South Carolina provides "The fire chief shall be in charge of the operation of the entire department, and shall be accountable to the city manager for the department's operation in accordance with laws otherwise applicable and with sound management practices." Code 1997, § 18-30.

37. By imposing discipline on Cargill, Defendants violated his First Amendment rights to associate with Local 2261, to speak as a citizen on a matter of public concern, and to petition the government for redress of grievances.

38. The discipline imposed on Cargill has chilled him, members of Local 2261, and GCFD employees, from exercising their First Amendment rights, including the right to speak as a citizen on matters of public concern, the right to associate, and the right to petition for redress of grievances.

39. Defendants chilled Cargill and other employees from engaging in speech activity, associational activity, and petitioning activity, protected by the First Amendment of the United States Constitution, by maintaining a policy, rule, or requirement that

employees must report matters of public concern that affect the GCFD as a whole and its ability to provide services to the citizens of the City through the "chain of command", before and/or instead of reporting them to Local 2261, to the City Counsel, to the City Manager, or to the Fire Chief.

40. Cargill seeks injunctive relief and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2022 and 42 U.S.C. §§ 1983 and 1988. Cargill is pursuing compensatory damages, attorneys' fees and costs, and all other relief available under 42 U.S.C. §§ 1983 and 1988.

## COUNT I

42 U.S.C. § 1983 — Violation of Cargill's Right to Free Speech
Pursuant to the First and Fourteenth Amendments to the United States
Constitution

41. Plaintiff repeats and realleges each and every allegation of the above paragraphs as if restated herein verbatim.

42. Cargill's right to speak freely about matters of public concern is protected by the First and Fourteenth Amendments to the United States Constitution. Citizens have a vital interest in free and open discussion on issues of public interest and importance.

43. It is a violation of the First and Fourteenth Amendments to the United States Constitution for public employers, including Defendants, to discriminate against or discipline employees in retaliation for engaging as a private citizen in speech about matters of public interest and concern.

44. Cargill's communications with Councilmember Dowe, City Manager Lavrin, and Horton all pertained to: the operation of the GCFD; the safety of fire fighters and the community; equipment and vehicle concerns; GCFD morale; fire fighter training

procedures; apparatus organization; class availability and funding; and shift scheduling, amongst other fire protection matters. These are matters of public interest and concern, because they directly impact fire fighters' ability to serve and protect the citizens of the City. Cargill's right to engage in speech about such issues is protected by the First and Fourteenth Amendments to the United States Constitution.

45. All of Cargill's speech at issue in this matter was made in his capacity as a citizen of South Carolina and union official and not in his capacity or pursuant to his duties as a GCFD employee.

46. Defendants' decision(s) to terminate Cargill was or were motivated in response to Cargill making constitutionally protected statements about a matter or matters of public concern.

47. In so doing, Defendants retaliated against Cargill for engaging in activity protected by the First and Fourteenth Amendments' guarantee of the right of free speech.

48. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights a reasonable person would have known.

49. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Cargill has suffered, and continues to suffer, injuries and irreparable harm.

50. Upon information and belief, Defendants' actions against Cargill were intentional, malicious, and in reckless disregard for his rights to be free from such unlawful action. Therefore, Cargill is entitled to recover punitive damages against Defendants in an amount to be determined by the jury that is sufficient to deter Defendants and others from engaging in such unlawful actions in the future.

51. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are fully liable to Cargill for his injuries resulting from their retaliation for Cargill's free speech activity in violation of the First and Fourteenth Amendments.

52. Defendants are also liable for Cargill's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT II

42 U.S.C. § 1983 — Violation of Cargill's Right to Freedom of Association
Pursuant to the First and Fourteenth Amendments to the United States
Constitution

53. Plaintiff repeats and realleges each and every allegation of the above paragraphs as if restated herein verbatim.

54. Cargill's right to freely associate with a labor organization is protected by the First and Fourteenth Amendments of the United States Constitution. Specifically, the First and Fourteenth Amendments protect the right of a public employee to engage in union activity. The public has a vital interest in such free association.

55. Cargill engaged in his speech activities about matters of public concern in his capacity as Local 2261's President. In Cargill's August 26, 2024 voicemail to Horton, he specifically stated that he sought to meet with Horton in order to find some common goals between Local 2261 and GCFD on certain issues. He also communicated with

Horton, Councilmember Dowe, and City Manager Lavrin, via his Local 2261 email address and on Local 2261 letterhead, making clear that the communications were sent on behalf of the Union as a form of union activity. Cargill's letter to City Manager Lavrin also indicated that he was raising issues about GCFD on behalf of all Greenville fire fighters and Local 2261 members rather than simply on his own behalf. Thus, in addition to free speech activity, Cargill's speech at issue is union associational activity protected by the First and Fourteenth Amendments to the United States Constitution.

56. By terminating Cargill, Defendants, acting individually and/or jointly, discriminated and retaliated against Cargill for speaking about matters of public concern in association with other Local 2261 members and Greenville fire fighters. In so doing, Defendants retaliated against Cargill for engaging in activity protected by the First and Fourteenth Amendments' guarantee of the right of free association.

57. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights that a reasonable person would have known.

58. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Cargill has suffered, and continues to suffer, injuries and irreparable harm.

59. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are

fully liable to Cargill for his injuries resulting from their retaliation for his associational activity in violation of the First and Fourteenth Amendments.

60. Defendants are also liable for Cargill's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT III

42 U.S.C. § 1983 — Violation of Cargill's Right to Petition for Redress of Grievances
Pursuant to the First and Fourteenth Amendments to the United States Constitution

61. Plaintiff repeats and realleges each and every allegation of the above paragraphs as if restated herein verbatim.

62. Although Cargill did not file a formal petition or claim with the government, he requested to meet with City officials to correct certain deficiencies at the GCFD. Such efforts to petition the government to redress grievances on behalf of himself, his fellow members of Local 2261, and the citizens served by the GCFD are protected by the First Amendment's petition clause.

63. By terminating Cargill, Defendants, acting individually and/or jointly, discriminated and retaliated against him for petitioning the government for redress of grievances. In so doing, Defendants retaliated against Cargill for engaging in activity protected by the First and Fourteenth Amendments' guarantee of the right to petition the government for a redress of grievances.

64. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights that a reasonable person would have known.

65. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Cargill has suffered, and continues to suffer, injuries and irreparable harm.

66. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are fully liable to Cargill for his injuries resulting from their retaliation for his petition activity in violation of the First and Fourteenth Amendments.

66. Defendants are also liable for Cargill's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT IV

42 USC § 1983 - Unlawful Prior Restraint on First Amendment Activity
Pursuant to the First and Fourteenth Amendments to the United States Constitution

67. Plaintiff repeats and realleges each and every allegation of the above paragraphs as if restated herein verbatim.

68. Defendants, through rule, policy, custom or final decision, require GCFD employees to engage in speech about matters of public concern through the "chain of command" prior to and/or instead of through Local 2261.

69. Such rule, policy custom or final decision is an unlawful prior restraint on the exercise of speech, associational, and petition activity protected by the First

12

Amendment to the United States Constitution and afforded to Cargill, members of Local 2261, and Local 2261 itself.

70. Such rule, policy custom or final decision chills the exercise of speech, associational and petition activity protected by the First Amendment to the United States Constitution.

71. Cargill, as President of Local 2261, desires to continue to associate with Local 2261's members and in turn facilitate their exercise of First Amendment rights and privileges, including but not limited to assisting them in their advocacy for a safe, functional, high performing GCFD and other matters of public concern, but is reasonably concerned that doing so will result in one or more Defendants terminating, disciplining or otherwise retaliating against one or more of Local 2261's members.

72. Cargill is entitled to a declaration that such rule, policy, custom or final decision is an unlawful prior restraint on speech, association, and petition activity protected by the First and Fourteenth Amendments to the United States Constitution, as well as in injunction against continued maintenance of the unlawful prior restraint.

**WHEREFORE**, having fully set forth his allegations against Defendants, Plaintiff requests that this Court enter judgment on his behalf and enter an order directing the award of other relief, as follows:

a. Declaring that Defendants unlawfully violated Cargill's rights and privileges secured by the First and Fourteenth Amendments to the United States Constitution;

b. Entering preliminary and permanent injunctions restraining and preventing Defendants from interfering with and infringing upon Cargill's rights under the First and Fourteenth Amendments to the United States Constitution, by

      maintaining a rule requiring matters of public concern be reported initially or exclusively through the chain of command, and from otherwise ignoring Defendants' obligations under the United States Constitution, with respect to Cargill and all other persons similarly situated;

c. Ordering Defendants to rescind the retaliatory, discriminatory, and otherwise unlawful discipline they issued to Cargill;

d. Ordering Defendants to cease and desist from making or maintaining any rule, policy, custom or final decision that operates as a prior restraint on Cargill and/or Local 2261's exercise of rights under the First Amendment to the United States Constitution.

e. Awarding Cargill compensatory damages for injuries to redress violations of the United States Constitution;

f. Awarding Cargill punitive damages to redress the knowing, willful, wanton, reckless, and bad faith nature of Defendants' violation of rights guaranteed by the United States Constitution;

g. Awarding Cargill costs and attorneys' fees pursuant to 42 U.S.C. § 1988 or any applicable statute or authority;

h. Awarding Cargill any other relief to which they are entitled and/or which this Court deems necessary and proper; and

i. A jury trial is demanded for all claims triable by jury.

*Signature on next page.*

        Respectfully Submitted,

        <u>s/Nekki Shutt</u>
        Nekki Shutt (Fed. Bar No. 6530)
        Meredith C. Brown (Fed. Bar No.14262)
        BURNETTE SHUTT & MCDANIEL, PA
        Post Office Box 1929
        Columbia, South Carolina 29202
        Tel. (803) 904-7912
        Fax (803) 904-7910
        Nshutt@BurnetteShutt.law
        Mbrown@BurnetteShutt.law

Columbia, South Carolina

March 14, 2025